Robert R. Goff, Appellant,
vs.
George O. Clinton, Executor, Appellee } P. A. No. 1218.

January 9, 1932.

O'CONNELL, J. This case comes before the Court on appellee's motion for a new trial after verdict by a jury, holding that the disputed will was not the last will and testament of Mrs. Jennie B. Martin. The case was tried before the Court and jury on June 16, 17, 18, 19, 22, 23, 24, 25, 26, 29 and 30 and July 1, 2 and 3, 1931.

The case came to the Superior Court on appeal from a decree of the Probate Court of the City of Providence admitting to probate an instrument purporting to be the last will and testament of the said Jennie B. Martin, late of Providence, deceased. Mrs. Martin died on August 27, 1930, leaving personal estate of about $103,000.

Her purported will, dated February 19, 1930, bequeathed $15,000 to Mrs. Martin's brother, Robert R. Goff, $5,000 to each of three relatives and the residue, amounting to approximately $73,000, to her attorney, George C. Clinton, who is also named as executor, without surety. The appellant is the said Robert R. Goff, the brother of Mrs. Martin and who, under our statutes relating to descent and distribution, would be her sole heir-at-law, if she had died intestate.

In addition to the general verdict, the jury answered four special findings submitted to it by the Court, as follows:

"(1) Did Jennie B. Martin, on the 19th day of February, 1930, have testamentary capacity?

Answer: Yes.

(2) If the preceding question is answered in the affirmative, was the instrument propounded for probate as and for the last will and testament of Jennie B. Martin procured to be executed in whole, or in part, by the undue influence of George C. Clinton?

Answer: Yes.

(3) Was the residuary clause in said instrument, in which the residue was left to George C. Clinton, procured by the undue influence of George C. Clinton?

Answer: Yes.

(4) Was any other part of said instrument procured by the undue influence of George C. Clinton?

Answer: Yes."

Inasmuch as the jury answered the four questions submitted above, in the affirmative, the sole question before the Court is whether there was sufficient evidence presented before the jury to warrant and justify the finding that the instrument in question was procured by the undue influence of said George C. Clinton and, therefore, was not the last will and testament of said Jennie B. Martin.

While the burden of proving undue

influence is upon him who asserts it, in this case the appellant, yet where a person receiving a very substantial benefit under a will, stands, at and prior to the time of the execution of the will, in a relationship of trust and confidence to the testatrix, such as an attorney and counsellor to her and an adviser in regard to her business transactions, and has been active in connection with the arrangements for the making of the will, an inference amounting almost, if not fully, to a presumption of undue influence arises and it is incumbent upon said beneficiary to present sufficient proof to dissipate such inference or possible presumption.

In the instant case the said Clinton had handled practically all of Mrs. Martin's business affairs from the time of her husband's death to her own, visited her on an average of two or three evenings of each week, knew the exact state of her finances because her stocks and securities were held in a safe deposit box in his and her name, which box she rarely, if ever, because of her physical infirmities, visited in person.

Clinton also drew a prior will in which he was named as residuary legatee and executor, but had advised Mrs. Martin to call in an independent attorney as it would not look well for him to have it rest thus. Mrs. Martin finally consented, he says, and he called in Senator Salisbury, to whom he told the reason for making the new will. He accompanied Senator Salisbury to Mrs. Martin's house on two occasions, once for Mr. Salisbury to get the necessary data and the other time when the will was executed, he remaining outside the room on both occasions. He received the will and placed it in the safe deposit box until her death and he paid Senator Salisbury, as he claims, with Mrs. Martin's money.

Further, Mr. Clinton admitted that the words used in the earlier will, "*for kindness to my late husband and myself extending over a period of years,*" purporting to explain the residuary bequest, were his own expression and not that of Mrs. Martin. On cross-examination he was unable to state a single kindness referred to and admitted that he had never done anything for Mrs. Martin or her deceased husband that he was not paid for. And yet the expression just referred to, purported to explain a gift of about $73,000.

The jury, of which William H. Joslin was foreman, was a particularly intelligent one. It was instructed at great length and the Court believes and hopes, very clearly, upon the two important issues of testamentary capacity and undue influence. It was compelled through special findings to determine each of these issues by a yes or a no answer. These answers were consistent with the general verdict. The first related to testamentary capacity, the other three to the exercise of undue influence. To each of the last three questions the jury found specially that the said George C. Clinton had exercised undue influence upon the said Jennie B. Martin. The Court instructed the jury that it was to determine the questions of fact involved, that that was entirely its province. Each of the answers to the special findings submitted was a determination of fact.

Undue influence is rarely susceptible of direct or positive proof, being in its very nature a thing which is not usually exercised in the open where all may see; it is usually to be gathered from the facts in evidence and from such inferences as may naturally and reasonably be drawn from those facts.

The Court believes that there was ample credible testimony from which the jury might properly draw such inference and determine the existence of undue influence as a proven fact. The Court cannot say that the verdict of the jury was erroneous or that it did

not do substantial justice between the parties. Upon a careful consideration of the testimony the Court finds no valid reason to disturb the findings of the jury in this case and the appellee's motion for a new trial is denied.

For appellant: Edwards & Angell.

For appellee: John P. Beagan.